**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THOMAS D. PETERSON, SAUNDRA L. PETERSON, RANDAL J. PETERSON, SHEELAGH M. MURPHY, and DON R. PARKER, | |
| Plaintiffs, | Civil No. 04-cv-00634 |
| v. | Judge Edward J. Damich |
| THE UNITED STATES, | |
| Defendant. | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Court's Standard Special Procedures Order dated May 26, 2004, the parties submit this Joint Preliminary Status Report and proposed case schedule.

**I. Jurisdictional Basis Upon Which Plaintiff Relies.**

This action is brought in the United States Court of Federal Claims based on this Court's jurisdiction granted by 28 U.S.C. § 1491. The allegations are based on a lease agreement and the alleged breach thereof.

**II. Pendency of Related Cases.**

The parties are not aware of any basis for transferring or remanding the case to another tribunal. A condemnation action concerning condemnation of the subject property as of December 30, 2003 is pending in the United States District Court for the District of Utah, Central Division, as Civil Number 2:02 CV 1425. That case has gone to trial but no judgment has been entered.

**III. Material Issues of Fact and Law.**

A. Plaintiffs' Statement.

The issues presented in the above captioned matter include claims for the determination of the "local fair rental value" of property previously leased (the "Lease Agreement") by the United States of America through its Federal Aviation Administration ("FAA") from the plaintiffs for a communication tower (the "VORTAC Tower") located near the Salt Lake City International Airport. The subject property was condemned by the FAA by complaint filed December 30, 2002 (the "Condemnation Action").

The Lease Agreement between the parties provides in part that the local fair rental value of the subject property will be adjusted every three years. A dispute has arisen with respect to the amount of the local fair rental value due and owing for the lease of the subject property after appropriate adjustments to be

made and prior to the date of the condemnation of the property on December 30, 2002.

Pursuant to the Lease Agreement, the FAA was granted a possessory leasehold interest in a certain portion of the Plaintiff's property on which to construct the VORTAC Tower. The FAA constructed the VORTAC Tower, but the plaintiffs contend it was not built on the property in which the FAA had a possessory interest, in breach of the Lease Agreement. The FAA also constructed a microwave antenna tower on the subject property, not authorized by the Lease Agreement, on property in which the FAA did not have a possessory leasehold interest. To address this issue the United States of America condemned a portion of the subject property retroactively relating back to the date the microwave antenna was constructed. In the Condemnation Action, the property condemned retroactively is a strip of land approximately two feet wide. That is large enough to accommodate the footprint of the microwave antenna and connecting cables, but not large enough to accommodate construction, maintenance, service and access.

The Plaintiffs seek to recover the following:

i. The local fair rental value of the property in which the FAA leased a possessory interest for the

VORTAC tower, appropriately adjusted pursuant to the Lease Agreement, through December 30, 2002;

ii. The local fair rental value for the possessory interest in the property on which the VORTAC Tower is actually constructed, appropriately adjusted pursuant to the Lease Agreement, to the extent it is not constructed on the property in which the FAA was given a possessory leasehold interest under the Lease Agreement;

iii. The local fair rental value of the property immediately surrounding the microwave antenna, appropriately adjusted pursuant to the Lease Agreement, which property the FAA has used and possessed for the construction, maintenance, service and access of the microwave antenna that was not retroactively condemned;

iv. The local fair rental value for the non-possessory leasehold interest on the balance of the subject property leased by the FAA, appropriately adjusted pursuant to the Lease Agreement.

B. Defendant’s Statement.

There are two principal issues in the case.

One issue is whether plaintiffs are entitled, under the terms of the Lease Agreement, to a higher rent for the period October 1, 1999, to December 30, 2002, than the $5,000 paid to them annually by the Government. That will depend on whether plaintiffs' or defendant's reading of the language concerning rent adjustment in the Lease Agreement is correct. If plaintiffs' reading, the parties are likely to be able to agree on the principal factual issue, which is what the higher rental figure should be. In attempting to reach agreement, the parties would be guided by a rental value that was determined in the recently concluded condemnation proceeding.

The second issue is whether, if the area that has actually been occupied by defendant's VORTEC Tower for the past 50 years is different from the area described by the metes and bounds description in the Lease Agreement, plaintiffs are entitled to be paid rent for both areas simultaneously. That involves two legal issues. One is whether the two areas are different. That will depend on whether plaintiffs' or defendant's reading of the metes and bounds description in the Lease Agreement is correct. The second is whether, if plaintiffs' reading is correct, plaintiffs

would, as a matter of law, be entitled to rent for both areas. If so, there would be a factual question, which is the amount of additional rent to which plaintiffs would be entitled. That would depend in part on the extent to which the two areas in question overlapped, a matter on which it is likely the parties would be able to reach agreement.

**IV. Advisability of ADR.**

A. Plaintiffs' Position.

Plaintiffs believe that ADR may be a helpful and viable tool to facilitate the expeditious resolution of this matter. Plaintiffs believe that proceedings before a settlement judge or a third party neutral would be the most helpful.

B. Defendant's Position.

Defendant does not believe that ADR is appropriate at this time. However, defendant will assess the possibility of ADR as the case progresses.

**V. Joint Proposed Scheduling Plan.**

A. Dates for joinder of additional parties:

September 1, 2004 (defendant does not believe there are any additional parties).

B. Discovery Plan.

i. The date by which the parties propose to disclose

information and exchange documents: September 1, 2004 .

ii. The date by which fact discovery will be completed: July 1, 2005.

iii. The designation of expert witnesses and exchange of expert witness reports shall be completed by May 1, 2005.

iv. Expert witness discovery will be completed by July 1, 2005.

v. The presumptive discovery limit shall apply in this case.

vi. Mental examinations will not be necessary in this case. Physical examinations of the subject property may be requested pursuant to RCFC 35, and that shall be completed by April 1, 2005.

vii. All discovery shall be completed by July 1, 2005.

viii. It is possible that dispositive motions, including motions for summary judgment could be filed by one or both parties after the completion of discovery, including expert witness discovery.

ix. The parties are available for a status conference with the Court on the following dates, following

the close of discovery:

a. July 15, 2005;

b. July 16, 2005;

c. July 17, 2005.

C. The earliest date by which this case should reasonably be expected to be ready for trial is October 1, 2005.

**VI. Trial.**

A. The estimated length of trial is three days.

B. Plaintiffs request that the trial be conducted in the State of Utah where the subject property is located.

**VII. Preliminary Status Conference.**

The parties suggest the following three alternate dates and times for a preliminary status conference, at least seven days, but not more than twenty-one days after filing the JPSR:

a. August 11, 2005;

b. August 12, 2005;

c. August 13, 2005.

**VIII. Joint Representation Concerning Early Meeting of Counsel.**

Counsel jointly represent that they have held an early meeting of counsel, conducted telephonically. In connection with that meeting counsel have exchanged lists and other disclosures.

A. The parties estimate the anticipated time frame and litigation costs as follows:

1. Through the end of discovery: July 1, 2005 ($5,000).

2. By the end of trial: October 5, 2005 ($10,000).

3. Through appeal, if any: October 5, 2006 ($12,000).

Counsel represent that these estimates of time and cost were provided to the parties.

Respectfully submitted,

s/ Kevin Egan Anderson

KEVIN EGAN ANDERSON
DOUGLAS J. PARRY
60 E. South Temple
Suite 1200
Salt Lake City, UT 84111
Tel. 801-521-3434
Fax 801-521-3484

Attorneys for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

s/ Richard S. Ewing

RICHARD S. EWING
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 616-0462

July 30, 2004

Attorneys for Defendant