IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS D. PETERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-634C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S AMENDED ANSWER

For its answer to plaintiffs' amended complaint, defendant United States admits, denies and alleges as follows:

1. Admits the allegation contained in paragraph 1 that "plaintiffs are owners of property in Salt Lake County, Utah, which is the subject of this complaint." The remainder of the allegations in paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits.

3. Denies the allegations in paragraph 3 that "the John Doe Defendants are other agencies or departments of the government of the United States" for lack of knowledge or information sufficient to form a belief as to their truth; and, by way of further answer, defendant alleges that pursuant to RCFC 10(a) only the United States is properly named the defendant. The remainder of the allegations contained in paragraph 3 are conclusions of law to which no response is required; to the

extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegations contained in paragraph 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first and fourth sentences of paragraph 9. Denies the allegations contained in

the second and third sentences of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 that defendant constructed a monitor antenna approximately 250 feet west of the center of the Vortac facility. The remainder of the allegations contained in the first sentence of paragraph 11 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 11 that the construction of the monitor antenna included wires, supports, cables lines and/or pipes connecting the monitor antenna; the remainder of the allegations contained in the second sentence in paragraph 11 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in the first and second sentences of paragraph 12 are conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 12 that the monitor antenna is located on a parcel of property 8 feet by 8 feet that is 250 feet

west of the center of the area leased for the Vortac facility; otherwise denies the allegations contained in the third sentence. Admits that a corridor of ground connecting the monitor antenna with the Vortac facility is used by defendant for underground cables, utilities, and access; otherwise denies the allegations of the fourth and fifth sentences of paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the Lease, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 14. Denies the allegations contained in the second sentence of paragraph 14.

15. Admits.

16. Denies the allegations of the first sentence of paragraph 16. Admits the allegations of the second sentence of paragraph 16 that a letter dated June 10, 1999, addressed and sent to Mr. Albert Lee purports to set forth market value information; otherwise denies the allegations contained in the second sentence of paragraph 16.

17. Admits.

18. The allegations contained in the first sentence of paragraph 18 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required;

to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 11 that defendant condemned the leased property as of December 30, 2002; the remainder of the allegations contained in the second sentence of paragraph 18 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in the first, second and third sentences of paragraph 19 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 19 that it condemned certain property as of December 30, 2002.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. The allegations contained in paragraph 22 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. Defendant's responses to paragraphs 1 though 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law, to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Denies that plaintiffs are entitled to the relief requested in prayer for relief immediately following paragraph 32, or to any relief whatsoever.

34. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of release and payment.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

s/ Richard S. Ewing

RICHARD S. EWING
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 616-0462

Attorneys for Defendant

OF COUNSEL:

DWIGHT WILLIAMS
Office of the Regional Counsel
Northwest Mountain Region
Federal Aviation Administration
1601 Lind Ave. SW
Renton, Washington 98055

March 10, 2005

CERTIFICATE OF FILING

I hereby certify that on March 10, 2005, a copy of the foregoing Defendant's Amended Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Richard S. Ewing