**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THOMAS D. PETERSON, SAUNDRA L. PETERSON, RANDAL J. PETERSON, SHEELAGH M. MURPHY, and DON R. PARKER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.04-634C |
| THE UNITED STATES OF AMERICA; THE FEDERAL AVIATION ADMINISTRATION OF THE UNITED STATES OF AMERICA; and JOHN DOES I - XX, | ) | Chief Judge Damich |
| Defendants. | ) | |

**PLAINTIFF'S COMBINED MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS AND IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND THEIR ANSWER TO INCLUDE THE DEFENSE OF *RES JUDICATA***

Plaintiffs, Thomas D. Peterson, Saundra L. Peterson, Randal J. Peterson, Sheelagh M. Murphy, and Don R. Parker (the "Plaintiffs"), respectfully move the Court for its order staying this action until the final conclusion of the condemnation action commenced in the United States District Court for the State of Utah as Civil No. 2:02 CV 1425 DB, presently pending in the United States Court of Appeals for the 10th Circuit as No. 05-4001 (the "Condemnation Action"). It is also filed in opposition of Defendant's motion to amend its answer to include the defense of *res judicata* since that defense is premature and does not apply while the Condemnation Action is pending on appeal. After the resolution of the Condemnation Action,

the doctrine of *res judicata* may well be applicable, and at that time this case could be quickly resolved based on the resolution of the Condemnation Action. The reason is that the Condemnation Action will determine the fair market value of the subject property. The fair rental value of the property for the years in question, which is a central issue in this case, may be derived from that fair market value determination.

**STATEMENT OF FACTS**

1. This action involves, among other things, the fair rental value of property located in the State of Utah, leased by the United States from the Plaintiffs. The lease provides for periodic updates in the amount of rent, based on local fair rental value.

2. The United States subsequently acquired the subject property pursuant to the Condemnation Action filed in the State of Utah as No. 2:02 CV 1425, which has been appealed to the 10th Circuit Court of Appeals, presently pending as Appeal No. 05-4001.

3. The Condemnation Action will determine the fair market value of the subject property.

4. The determination of fair rental value, which is the subject of this action, is derived from the fair market value of the property.

5. Consequently, many of the core issues in this case may be resolved by the final resolution of the Condemnation Action.

6. The doctrine of *res judicata*, which defendants seek to assert as an affirmative defense is not yet applicable, because of the pending appeal, but may become applicable depending on the resolution of the condemnation case by the 10th Circuit Court of Appeals.

7. Principles of judicial economy and comity are best served by delaying this action until the final resolution of the condemnation action.

**ARGUMENT**

The doctrine of *res judicata* is inapplicable while the claims and issues to which the doctrine would attach remain pending on appeal. State of Arizona v. State of California, 460 U.S. 605, (1983) ("[l]itigation proceeds through preliminary stages, generally matures at trial, and produces a judgment, to which ***after appeal***, the binding finality of *res judicata* and collateral estoppel will attach.") (Emphasis added).; *see also* Hannahville Indian Community v. The United States, 1967 WL 8873 (Ct. Cl.) ("[w]e assume, without deciding, that the Commission's Western Lands determination of the Potawatomi political structure was sufficiently broad to justify application of the *doctrine of res judicata* in this proceeding, ***had there been no appeal.***") (emphasis added). The reason is fundamental. So long as the issues remain pending on appeal, the judgment may be subject to alteration, modification or reversal. Consequently it is not final for *res judicata* purposes. After the appeal in the Condemnation Action is concluded the doctrine of *res judicata* may have application in this case. Consequently, this case should be stayed until the appeal is concluded.

**POINT I**
**MOTION FOR STAY**

This Court has authority to stay these proceedings under the circumstances presented. "The power of the federal trial court to stay its proceedings...is beyond question." Cherokee Nation of Oklahoma v. The United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). "When and

how to stay proceedings is within the sound discretion of the trial court." Id. The Federal Circuit has specified a three-part formula for trial courts to employ when deciding whether to stay a case:

(i) "A trial court must first identify a pressing need for the stay;"

(ii) "The court must then balance interest favoring a state against interest frustrated by the action;"

(iii) "[O]verarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."

Cherokee Nation 124 F.3d at 1416.

In addition, when a related case is pending before another court, as with the pending Condemnation Action in the 10th Circuit Court of Appeals, a trial court should also consider: (i) principles of comity, with the normal rules favoring the court in which a case is first filed. Northrup Corp. v. The United States, 27 Fed. Cl. 795, 801 (1993) (stay granted; "[t]he result [of the pending district court case] could have 'a profound effect' on the instant case. Pursuant to this possibility the court recognizes a 'close bond' between the two litigations at issue. Thus application of the doctrine of comity to the instant case seems appropriate"); Truckee v. Carson Irrigation Dist. v. United States, 223 Ct.Cl. 684, 685 (1980) ("stay granted due to "close bond" between the two cases; "the disposition of that [pending federal district court litigation] may very well have a profound effect on the instant case and may, indeed, make it unnecessary to try or dispose of the present suit as an independent matter"). (ii) Judicial economy, focusing on *interalea*, whether a stay is necessary to avoid duplicative action. Haustechnik v. The United States, 34 Fed. Cl. 740, 745 (1996) ("We agree that the similarity of issues pending between the two tribunals requires this court to stay these proceedings for reasons of judicial economy, as well

as to avoid the possibility of inconsistent decisions."). (iii) Motives of the party seeking the stay, with courts disfavoring stays where the movant is seeking to avoid adverse precedence. Adrienne Village v. The United States, 25 Cl.Ct. 457, 459-61 (1992).

An analysis of these factors demonstrates this is an appropriate case to be stayed until final resolution of the Condemnation Action pending in the 10th Circuit Court of Appeals.

**A. Need for the Stay.**

In this case, there is a pressing need for the stay. That need is the prior resolution of the Condemnation Action now pending in the United States 10th Circuit Court of Appeals. The reason is that the Court of Appeals case, when finally resolved, will establish the fair market value of the subject property. The fair *rental* value of the property, which is a central issue in this case, can be derived from that fair market value determination. Consequently, the prior resolution of the Condemnation Action will facilitate the timely resolution of this case while promoting principles of judicial economy and comity. The defendant's motion to amend its answer to assert the defenses of *res judicata* recognizes that the resolution of the Condemnation Action will advance the expeditious resolution of the fair rental value issues presented in this case. However, the principles of *res judicata* do not apply until the Condemnation Action, presently on appeal, is finally resolved.

**B. Balancing of Interests.**

In this case, the interests favoring the stay do not frustrate other interests. All parties to this proceeding have an interest in resolving it in a manner consistent with principles of judicial economy. If this matter proceeds forward prior to the conclusion of the Condemnation Action on appeal, essentially the same case previously tried in the Condemnation Action must be retried

before this court, because the Condemnation Action, pending on appeal, is not yet final, and principles of *res judicata* do not apply. However, if this action is stayed until the10th Circuit Condemnation Action is completed, central issues in this case, including the fair rental value of the subject property may be easily and quickly resolved based on the final fair market value determination in the Condemnation Action. As observed above, Defendant's motion to amend it's Answer to include *res judicata* defense is consistent with finally resolving the Condemnation Action before pressing this action to trial.

**C. Additional Factors Considered by the Courts in Evaluating Stays.**

The additional factors the Court should consider in evaluating the stay include the timely resolution of the pending case, principles of judicial comity and economy, and whether the stay is asserted in an effort to avoid adverse precedent.

The timely resolution of this case will not be impaired by the requested stay. The completion of the Condemnation Action will lead to the expeditious resolution of this case because the fair rental value issues central to this case may be derived from the fair market value determination in the Condemnation Action. The completion of the Condemnation Action will facilitate resolution of these core issues without requiring that the issues be tried twice, in two different courts, with the attendant risk of inconsistent results. Consequently, principles of comity and judicial economy are equally served by the stay. Duplicative trials and inconsistent results are entirely avoided. Defendant's desire to include *res judicata* as an affirmative defense is consistent with these principles.

There is no effort in this case to avoid an adverse precedent. The motion to stay is simply to obtain a final precedent in the Condemnation Action that will permit this action to be resolved

quickly and to ensure that there are no conflicting precedents between the two pending actions.

For these reasons, the stay is appropriate under the circumstances presented and Plaintiffs respectfully move the Court to exercise its sound discretion and order that this case be stayed until the Condemnation Action, pending before the 10th Circuit Court of Appeals, is finally resolved.

**POINT II**
**DEFENDANT'S MOTION TO AMEND**

Plaintiffs' opposition to Defendant's motion to amend to assert additional defense of *res judicata* is simply that until the Condemnation Action, pending before the 10th Circuit Court of Appeals, is finally resolved the defense of *res judicata* is inapplicable and permature. Upon the conclusion of the Condemnation Action, the defense of *res judicata* may well be applicable, and at that time would guide the parties and the Court in quickly and efficiently resolving cental isues in the pending action.

**CONCLUSION**

For the reasons set forth above, this action should be stayed until the final resolution of the Condemnation Action, presently pending on appeal. At that time, the doctrine of *res judicata* may be an appropriate tool for facilitating expeditious resolution of this matter.

Respectfully submitted,

s/ Kevin Egan Anderson

PARRY ANDERSON & GARDINER
60 E. South Temple, Suite 1200
Salt Lake City, UT 841111
(801) 521-3434

Attorneys for Plaintiffs

March 28, 2005

**CERTIFICATE OF FILING**

I hereby certify that on March 28, 2005, a copy of the foregoing PLAINTIFFS' COMBINED MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS AND IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND THEIR ANSWER TO INCLUDE THE DEFENSE OF *RES JUDICATA* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.