IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS D. PETERSON, SAUNDRA L. PETERSON, RANDAL J. PETERSON, SHEELAGH M. MURPHY and DON R. PARKER | ) | |
| Plaintiffs, | ) | No. 04-634C |
| | ) | (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS, IN PART, FOR
LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant, the United States, respectfully requests that the Court dismiss the Second Cause Of Action of plaintiffs' complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), for lack of subject matter jurisdiction. Alternatively, we request dismissal of the Second Cause Of Action pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief can be granted. In support of our motion, we rely upon the complaint, the following brief, and the appendix to the brief.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether the Court possess jurisdiction to entertain plaintiffs' claim that the Government breached a lease of their property by building structures on property that plaintiffs own but that is not subject to the lease, where plaintiffs have not raised that claim to the contracting officer.

2. Whether, if the Court possesses jurisdiction to entertain plaintiffs' claim that the Government breached a lease of their property by building structures on property that plaintiffs own but that is not subject to the lease, that is a claim upon which the Court cannot grant relief because the claim is not a breach claim.

STATEMENT OF THE CASE

I. Nature Of The Case

One of plaintiffs' claims in this case is that the Government, through the Federal Aviation Administration ("FAA"), has breached a lease of their property by building a "VHF Omni Directional Range Tactical Air Navigation" or "Vortac Tower," as well as a "Monitor Antenna," on property that plaintiffs own but that is not subject to the lease. Complaint ("Compl.") at ¶¶ 2, 13, 28-30. Because plaintiffs have not submitted this claim to the contracting officer, the Court should dismiss this claim for lack of subject matter jurisdiction. Alternatively, the Court should dismiss this claim for failure to state a claim upon which relief can be granted, because the claim is not a breach claim.

II. Statement Of The Facts

On March 23, 1994, the United States, through the FAA, entered into Lease No. DTFA11-93-L-15553 of property with Charles Frank Gillmor and Nadine F. Gillmor as lessor. Compl. Exhibit ("Exh.") A at 1. The lease provided the Government with the

right to erect structures upon the property described in the lease. Id. at 2 ¶ 1(c). In a section entitled "Renewal," the lease provided the lessor the right to request that the Government adjust the rent to reflect "fair market rent." Id. ¶ 2. The lease incorporated by reference Federal Acquisition Regulation ("FAR") 52.233-1, Disputes (1991). Id. at 4 ¶ 7.

On April 14, 1998, the Gillmors assigned their lease interest to plaintiffs. Id. at Exh. C. The Government entered into Supplemental Lease Agreement No. 1 with plaintiffs, establishing new rent amounts, including for renewals of the lease. Id. at Exh. D ¶ 1. On October 11, 2001, plaintiffs submitted a claim to the FAA contracting officer demanding an increase in rent to reflect the fair market rent of the property. Defendant's Appendix 1-2. On April 9, 2004, plaintiffs filed this action, asserting that claim and, in the Second Cause Of Action, a claim that the Government breached the lease by building a Vortac Tower and a Monitor Antenna on property that plaintiffs own but that is not subject to the lease. Compl. at 6 ¶ 22, 8 ¶¶ 28-30.

## ARGUMENT

### I. The Court Lacks Jurisdiction To Entertain The Second Cause Of Action Of The Complaint

When deciding upon a motion to dismiss based upon lack of subject matter jurisdiction, the Court assumes that all undisputed facts alleged in the complaint are true and must draw

all reasonable inferences in the non-movant's favor. Frymire v. United States, 51 Fed. Cl. 450, 454 (2002). Once jurisdiction is challenged, the plaintiff bears the burden of establishing jurisdiction. Id. at 453.

The lease incorporates by reference FAR 52.233-1, which provides that the lease is "subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613)." 48 C.F.R. § 52.233-1(a). Pursuant to the Contract Disputes Act, a contractor may not raise any new claims not presented and certified to the contracting officer. See Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987). A new claim is one that does not arise from the same set of operative facts as the claim submitted to the contracting officer. Hawkins and Powers Aviation, Inc. v. United States, 46 Fed. Cl. 238, 243 (2000).

Plaintiffs submitted a claim to the contracting officer demanding, pursuant to the "renewal" section of the lease, an increase in rent to reflect the fair market rent of the property. Defendant's Appendix 1-2. That claim did not raise an issue that the Government had breached the lease by occupying property not subject to the lease. Because that claim has not been raised to the contracting officer, the Court does not possess jurisdiction to entertain that claim. Cf. J. Cooper & Assocs., Inc. v. United States, 47 Fed. Cl. 280, 288 (2000) (dismissing breach claim that had not been presented to contracting officer).

II. Alternatively, The Second Cause Of Action Of The Complaint Fails To State A Claim Upon Which Relief Can Be Granted

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. Bateson v. United States, 51 Fed. Cl. 557, 560 (2002), aff'd, No. 02-5091 (Fed. Cir. May 22, 2003) (Table). The Court assumes all well-pled factual allegations as true and makes all reasonable inferences in favor of the nonmovant. Id. Dismissal for failure to state a claim upon which relief can be granted is appropriate only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.

Plaintiffs' Second Cause Of Action asserts a claim of breach of lease. Compl. at 8. A landlord-tenant relationship exists only with respect to a space that is intended to have a fixed location for the duration of the lease. Restatement (Second) of Property: Landlord & Tenant 1.1 (1977). Plaintiffs allege that the Government has occupied property outside the space that is subject to the lease (Compl. at 29); therefore, no landlord-tenant relationship exists with respect to that property. Because the lease does not govern that property, plaintiffs fail to state a breach claim with respect to that property.

CONCLUSION

For these reasons, the Court should dismiss plaintiffs' Second Cause Of Action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-0361

Attorneys for Defendant

OF COUNSEL:
DWIGHT WILLIAMS
Office of the Regional Counsel
Northwest Mountain Region
Federal Aviation Administration
1601 Lind Ave. SW
Renton, Washington 98055

July 15, 2005

Certificate of Filing

I hereby certify that on July 15, 2005, a copy of the foregoing Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction And Failure To State A Claim was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail