IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS D. PETERSON, SAUNDRA L. PETERSON, RANDAL J. PETERSON, SHEELAGH M. MURPHY and DON R. PARKER | ) | |
| Plaintiffs, | ) | No. 04-634C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN PART, FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Plaintiffs' response to our request that the Court dismiss their Second Cause Of Action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted is that we raised neither issue in our answer to their complaint. Plaintiffs' Memorandum Of Points And Authorities In Opposition To Defendant's Motion To Dismiss at 2, 4. A question of subject matter jurisdiction, however, can be raised at any time. Heaphy v. United States, 23 Cl. Ct. 697, 700 (1991).

In addition, the defense of failure to state a claim upon which relief can be granted may be made in any pleading permitted or ordered under Rule 7(a) of the Rules of the United States Court of Federal Claims ("RCFC"), or by motion for judgment on the pleadings, or at the trial on the merits. RCFC 12(h)(2). Although some courts have interpreted that rule restrictively as denoting the only points in time at which the defense of failure

to state a claim upon which relief can be granted may be raised, other courts have taken a more permissive approach and allowed the defense to be raised at other times. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1392 (3d ed. 2004) (discussing Rule 12(h)(2) of the Federal Rules Of Civil Procedure). Since the basic purpose of the rule probably is to preserve the defenses, rather than to delimit the precise timing of their assertion, this latter approach is within the spirit of the provision. See id.

Indeed, a motion to dismiss for failure to state a claim made after the filing of an answer serves the same function as a motion for judgment and may be regarded as one. J.M. Huber Corp. v. United States, 27 Fed. Cl. 659, 661 (1993) (deeming a post-answer motion to dismiss for failure to state a claim upon which relief can be granted to constitute a motion for judgment on the pleadings pursuant to RCFC 12(c)). The Court should adopt that approach in this case, particularly in view of the Court's June 15, 2005 order directing the filing of a dispositive motion addressing the two legal issues that we identified that could be addressed while the appeal of a case related to this is pending before the United States Court of Appeals for the Tenth Circuit.

For these reasons and those set forth in our motion, the Court should dismiss plaintiffs' Second Cause Of Action for lack

of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
by s/Brian M. Simkin
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:
DWIGHT WILLIAMS
Office of the Regional Counsel
Northwest Mountain Region
Federal Aviation Administration
1601 Lind Ave. SW
Renton, Washington 98055

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-0361

August 31, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on August 31, 2005, a copy of the foregoing Defendant’s Reply To Plaintiff’s Opposition To Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction And Failure To State A Claim was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail