# In the United States Court of Federal Claims

No. 04-634C
(Filed: December 13, 2005)

| | | |
|---|---|---|
| **THOMAS D. PETERSON, SAUNDRA L. PETERSON, RANDAL J. PETERSON SHEELAGH M. MURPHY and DON R. PARKER**, Plaintiffs, v. **THE UNITED STATES**, Defendant. | * | Contract Disputes Act; failure to certify claim to contracting officer; failure to state a claim; res judicata |

*Kevin Egan Anderson*, of Parry, Anderson & Gardiner, Salt Lake City, Utah, for Plaintiffs.

*Timothy Paul McIlmail*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**DAMICH**, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs seek to recover rent due under a lease agreement ("Lease Agreement") with the Federal Aviation Administration ("FAA"), as well as damages and injunctive relief resulting from Defendant's breach of the Lease Agreement by construction and use of air traffic control equipment on property other than that governed by the Lease Agreement. Defendant requests the Court to dismiss for lack of subject matter

jurisdiction Plaintiffs' second cause of action, alleging breach of the Lease Agreement, because it was not presented and certified to the contracting officer. Defendant further requests the Court to dismiss the breach of Lease Agreement claim for failure to state a claim upon which relief can be granted because there can be no breach of the Lease Agreement by the construction and use of structures on property not governed by the Lease Agreement. Plaintiffs do not contest the merits of the grounds for dismissal, but contend that Defendant has waived its right to raise these defenses by failing to include them in its answer. For the reasons set forth below, both of Defendant's Motions to Dismiss are GRANTED.

## I. Background

On March 23, 1994, Charles Frank Gillmor and Nadine F. Gillmor entered into a Lease Agreement with the FAA regarding a piece of property in Salt Lake City, Utah. Compl. ¶¶ 5, 6, ex. A.[1] Plaintiffs are the assignees of the Gillmors' interest in the Lease Agreement. *Id.* ¶¶ 7, 8. Defendant constructed and operates a VHF Omni Directional Range Tactical Air Navigation facility ("Vortac Tower")[2] on Plaintiffs' property; however, Plaintiffs contend that Defendant built the Vortac Tower—as well as an access road and cable corridor running from the south boundary of the property to the Vortac tower—on a portion of Plaintiffs' property that was not subject to the Lease Agreement. *Id.* ¶¶ 9, 10. Defendant also constructed a monitor antenna ("Monitor Antenna")—as well as connecting cable corridor—approximately 250 feet west of the Vortac Tower. *Id.* ¶ 11. Plaintiffs contend that the Monitor Antenna and cable corridor are likewise located on a portion of Plaintiffs' property not subject to the Lease Agreement. *Id.* ¶¶ 12, 13.

The Lease Agreement contains a renewal provision allowing the Lessees to renew annually, and providing the Lessors with the option to request that the rent due be adjusted to the "local fair rental value" of the property every three years. *Id.* ¶ 14, ex. A ¶ 2. Pursuant to the renewal clause, Plaintiffs requested an increase in the fair rental value beginning October 1, 1999, but Defendant rejected the request. *Id.* ¶¶ 15-17. Defendant condemned the leased property on December 30, 2002. *Id.* ¶ 18.

Plaintiffs set forth two causes of action. In their first cause of action, Plaintiffs request payment by Defendant of the rent deficiencies owed from October 1, 1999 to December 30,

---

[1] It is noted that Plaintiffs' complaint, and all of their subsequent filings, list the Defendants as the United States, the Federal Aviation Administration ("FAA"), and John Does I-XX. Pursuant to the practice of the Court, however, the sole Defendant should be the United States. Plaintiffs are advised to properly list the United States as the sole Defendant in all future filings.

[2] A Vortac tower is used by the FAA to relay air traffic control signals between aircraft and flight control.

2002, as a result of adjustment of the rent to reflect the local fair rental value of the property at the time. *Id*. ¶¶ 22-26. In their second cause of action, Plaintiffs request damages and injunctive relief for breach of the Lease Agreement by placement of the Vortac Tower, Monitor Antenna, and cable corridors on a portion of Plaintiffs' property not subject to the Lease Agreement. *Id*. ¶¶ 28-32.

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to RCFC 12(b)(1) and a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted pursuant to RCFC 12(b)(6), requesting the Court to dismiss Plaintiffs' second cause of action requesting relief for breach of the Lease Agreement.

## II. Standard of Review

In considering Defendant's Motions to Dismiss, the Court must accept as true all of Plaintiffs' well-pleaded facts alleged in the complaint and draw all reasonable inferences in the Plaintiffs' favor. *Goodwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Plaintiffs, however, bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 236-237 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. Analysis

### A. Waiver

Plaintiffs assert that, because Defendant did not plead in its answer either of the affirmative defenses now raised in its motions to dismiss, it has waived the right to raise those defenses now. By introducing defenses that were not pled in its answer, Defendant is, according to Plaintiffs, effectively trying to amend its answer without leave of the Court. Plaintiffs' argument is curt and fails to cite the relevant rules of the court.

The defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted are among the enumerated defenses that can be raised by motion pursuant to RCFC 12(b). The rule mandates, however, that a motion making any of the enumerated defenses "shall be made before pleading if a further pleading is permitted." RCFC 12(b). Hence, pursuant to RCFC 12(b), Defendant should have filed the motions to dismiss before filing his answer. But

RCFC 12(h) provides a mechanism for raising the defenses after the answer.[3] RCFC 12(h)(2) and (3); *see Wertz v. United States*, 51 Fed.Cl. 443 (2002) (rejecting plaintiff's waiver argument and permitting defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted in view of RCFC 12(h)(2) and (3)).

RCFC 12(h)(3) explicitly provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is well recognized that subject matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*. *C.H. Robinson Int'l v. United States*, 64 Fed.Cl. 651, 653 (2005); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998); *United States v. Newport News Shipbuilding & Dry Dock Co.*, 933 F.2d 996, 998 n.1 (Fed. Cir. 1991); 277 U.S. 54, 59 (1928). Accordingly, Plaintiffs' contention that Defendant waived its right to raise the issue of lack of subject matter jurisdiction by failing to include the defense in its answer must be rejected.

Similarly, the prevailing view is that the defense of failure to state a claim upon which relief can be granted is so fundamental that it is not waived by omission from the answer. 2 James W. Moore et al., *Moore's Federal Practice* § 12.23 (3rd ed. 2005). RCFC 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted can be raised "by motion for judgment on the pleadings, or at the trial on the merits." A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed, but within such time as not to delay the trial." RCFC 12(c). Courts have routinely construed a motion to dismiss for failure to state a claim filed after the answer as a motion for judgment on the pleadings. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Stolzfus v. Ulrich*, 587 F.Supp. 1226, 1228 (E.D. Pa 1984); *Beckham v. Grand Affair of N.C., Inc.*, 671 F.Supp. 415, 420 (W.D.N.C. 1987); *McLaughlin v. Curtis Publ'g Co.*, 5 F.R.D. 87, 87 (S.D.N.Y. 1943); *Huber v. United States*, 27 Fed.Cl. 659, 661 (1993); *Gould v. United States*, 29 Fed. Cl. 758, 761 (1993). The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss. Plaintiffs are not unfairly prejudiced by Defendant's filing of its motion at this stage in the action. Defendant has filed its motion before trial, and consideration of the motion before trial should lead to a more efficient resolution of the case. Therefore, this Court will treat Defendant's motion to dismiss for failure to state a claim as a motion for judgment on the pleadings. Defendant did not waive its right to file the motion by failing to raise the defense in its answer.

[3] RCFC 12(b), 12(c), and 12(h) each track Federal Rules of Civil Procedure (FRCP) 12(b), 12(c) and 12(h) exactly, except that there is no RCFC equivalent to FRCP 12(b)(3) and there is no mention of improper venue in RCFC 12(h)(1).

**B. Lack of Subject Matter Jurisdiction**

Plaintiffs' opposition to Defendant's motions was confined to the waiver issue. As they did not argue the substance of the motions, the Court would be justified in granting Defendant's motions summarily, now that it has rejected the waiver argument. Nevertheless, the Court has examined the merits of the motions based on the arguments in Defendant's brief.

The jurisdiction of the Court of Federal Claims is "prescribed by the metes and bounds of the United States' consent to be sued in its waiver of immunity." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Fed. Nat'l Mortgage Assoc. v. United States*, 379 F.3d 1303, 1311 (Fed. Cir. 2004) (citing *United States v. King*, 395 U.S. 1, 4 (1969)). The Tucker Act provides the Court of Federal Claims with jurisdiction over contract claims or disputes between contractors and the United States "arising under section 10(a)(1) of the Contract Disputes Act of 1978 . . . [in] which a decision of the contracting officer has been issued under section 6 of that Act." 28 U.S.C. § 1491(a)(2) (2000).[4] The United States, therefore, waives its sovereign immunity and gives its consent to be sued by private parties over contract disputes under the Tucker Act. *United States v. Mitchell*, 463 U.S. 206, 215 (1983).

The Lease Agreement incorporates by reference the disputes clause (FAR 52.233-1), Compl., app. A ¶ 7, and therefore is subject to the Contract Disputes Act of 1978 (codified as 41 U.S.C. §§ 601-613) ("CDA"). 48 C.F.R. § 52.233-1(a). Under the CDA, a claim must first be presented to the contracting officer for decision. 41 U.S.C. § 609(a)(1)(2002). A claim of more than $100,000 must be certified before the contracting officer. 41 U.S.C. § 605(c)(1)(2000).

Defendant asserts that Plaintiffs' second cause of action, seeking recovery for breach of the Lease Agreement by construction of the Vortac Tower, Monitor Antenna, and cable corridors on a portion of Plaintiffs' property not subject to the Lease Agreement, was raised for the first time in the complaint and was not previously presented to and certified by the contracting officer.[5] This court lacks jurisdiction of a new claim that has not been previously presented and

---

[4] Section 10(a)(1) of the Contract Disputes Act is codified at 41 U.S.C. § 609(a)(1), and section 6 is codified at 41 U.S.C. § 605.

[5] Defendant's motion implies that Plaintiffs may appropriately present the claim to the contracting officer. The parties, however, dispute whether or not the Vortac Tower, the Monitor Antenna, and the cable corridors are located on the property subject to the Lease Agreement. Compl. ¶ 10, 12, 13; Answer ¶ 12, 13. This Court must accept Plaintiffs' allegations as true when reviewing Defendant's motion to dismiss. If, in fact, the facilities are not on the leased property, as Plaintiff alleges, then it may be that Defendant's argument would fail because the facilities would not be subject to the Lease Agreement, and there would be no breach of contract

certified to the contracting officer. *Santa Fe Eng'r v. United States*, 818 F.2d 856, 859 (Fed. Cir. 1987). A new claim is "one that does not arise from the same set of operative facts as the claim submitted to the contracting officer." *J. Cooper & Assoc., Inc. v. United States*, 47 Fed.Cl. 280, 285 (2000) (*citing Tecom, Inc. v. United States*, 732 F.2d 935, 936-937 (Fed. Cir. 1984); *see also Foley Co. v. United States*, 26 Cl.Ct. 936, 940 (1992); *Cerebronics, Inc. v. United States*, 13 Cl.Ct. 415, 417 (1987).

The claim that was submitted to the contracting officer demanded an increase in rent to reflect the fair rental value of the property, pursuant to the "renewal" section of the Lease Agreement. *See* Defendant's Motion to Dismiss, app. at 2. The claim that is set forth in the second cause of action, however, is for damages and injunctive relief for breach of the Lease Agreement by placement of the Vortac Tower and the Monitor Antenna on a portion of Plaintiffs' property not subject to the Lease Agreement. Compl. ¶¶ 28-32. The latter is a different type of claim, which requires a different kind of proof. *Sharman Co., Inc. v. United States*, 2 F.3d 1564, 1570 (Fed. Cir. 1993); *Placeway Construc. v. United States*, 920 F.2d 903, 909 (Fed. Cir. 1990). The certified claim requires interpretation of the "renewal" section of the Lease Agreement and proof of the fair market value and the fair rental value of the property. In contrast, the claim in the second cause of action requires determination of the property encompassed by the Lease Agreement and proof of the location of the Vortac Tower and the Monitor Antenna on Plaintiffs' property and breach of the Lease Agreement. Plaintiffs' second cause of action does not arise from the same set of operative facts and constitutes a new claim that has not been presented and certified to the contracting officer. Hence, this Court lacks subject matter jurisdiction of the second cause of action requesting relief for breach of the Lease Agreement.

**C. Failure to State a Claim**

Defendant also contends that this Court should dismiss the second cause of action of the complaint under RCFC 12(b)(6) because Plaintiffs fail to state a claim upon which relief can be granted. Specifically, Defendant argues that if the Vortac Tower and Monitor Antenna are indeed located on property not subject to the Lease Agreement,[6] then their placement there is not governed by the Lease Agreement and cannot constitute a breach of the Lease Agreement.

---

claim that would require certification by the contracting officer. Because, however, Plaintiffs have pleaded a breach of contract claim and have made no argument on the merits, this Court will consider Defendant's motion as though the facilities are subject to the Lease Agreement.

[6]As noted *supra*, Plaintiffs allege that the facilities are not located on property subject to the Lease Agreement. Comp. ¶ 10, 12, 13. This Court must accept as true Plaintiffs' well-pleaded allegations in reviewing Defendant's motion.

Defendant's argument has merit. A landlord-tenant relationship exists with respect to a space that has a fixed location. Restatement (Second) of Property: Landlord & Tenant § 1.1 (1977). The Lease Agreement pertains to a specific piece of property in Salt Lake City, Utah. If Plaintiffs had alleged that Defendant used the specified property in some way not allowed by the Lease Agreement, then Plaintiff would have a claim for breach of the Lease Agreement. Here, however, Plaintiffs allege that Defendant has used property in which it was not granted a possessory interest pursuant to the Lease Agreement, without Plaintiffs' consent. Hence, Plaintiffs' claim lies in common law trespass, not in breach of the Lease Agreement. *See*, *e.g.*, *Exxon Corp. v. United States*, 45 Fed. Cl. 581, 639 n.117 (1999) (noting that if a producer located its field separator on acreage not covered by its oil and gas lease, it would commit trespass). Therefore, Plaintiffs' second cause of action regarding breach of the Lease Agreement fails to state a claim upon which relief can be granted.

The Court is dismayed that Plaintiffs did not cite the relevant Rules of the Court of Federal Claims in their response and did not argue the substance of Defendant's motions to dismiss. On the one hand, Plaintiffs' waiver argument borders on the frivolous; on the other hand, Plaintiffs' failure to address the merits of Defendant's arguments deprives the Court of competing viewpoints. The court reiterates that, once having rejected Plaintiffs' waiver argument, the Court would be warranted in summarily granting Defendant's motions.

Not surprisingly, therefore, Defendant's Motions to Dismiss Plaintiffs' second cause of action under RCFC 12(b)(1) and 12(b)(6) are hereby GRANTED.[7]

## IV. Tenth Circuit Case

A condemnation action was filed in the United States District Court for the District of Utah on December 30, 2002. *United States v. 82.532 Acres of Land, More or Less, Situated in Salt Lake County, State of Utah, et al.* (Civil No. 2:02 CV 1425 DB). A final order of condemnation, in which the fair market value of the condemned property was determined, was entered by the District Court on July 30, 2004. The decision was appealed to the Court of Appeals for the Tenth Circuit.

On March 28, 2005, Plaintiffs filed a Motion to Stay Proceedings until the conclusion of the appeal at the Tenth Circuit because that case will determine the fair rental value of the property of the Lease Agreement. That motion was constructively denied by the Court's order of May 5, 2005, requiring the parties to file a joint status report identifying legal issues that could be addressed while the Tenth Circuit case is still pending and by the Court's subsequent order of

---

[7] This ruling does not preclude Plaintiffs from filing a motion for leave to amend their complaint to state another cause of action, *e.g.* temporary taking, or to first present and certify their claim before the contracting officer.

June 15, 2005, requiring Defendant to file its motion to dismiss. It is Defendant's motion to dismiss that is the subject of this decision. Because there are no additional legal issues to be addressed while the Tenth Circuit case is pending, this case will now be stayed pending the outcome of that appeal.

On March 10, 2005, Defendant filed a Motion for Leave to File Amended Answer in order to assert the additional affirmative defense of res judicata, based on the Utah district court's judgment of July 30, 2004. Plaintiffs argued in their response that the motion is premature because the district court case has been appealed to the Tenth Circuit, and hence there is no final action for the purposes of res judicata. The application of the doctrine of res judicata does require a final judgment. *See*, *e.g.*, *Naylor v. United States*, 53 Fed.Cl. 172, 176 (2002); *Montana v. United States*, 440 U.S. 147, 153 (1979). In federal courts, however, "res judicata ordinarily attaches to a final lower-court judgment even though an appeal has been taken and remains undecided." *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4427 (2d ed. 2002). The Utah court issued a judgment and final order of condemnation, holding that the government had the right to condemn the property, but requiring the government to pay a judgment deficiency. Hence, the doctrine of res judicata is now applicable. Defendant's Motion for Leave to File Amended Answer is hereby GRANTED.

## V. Conclusion

Defendant's Motions to Dismiss Plaintiffs' second cause of action pursuant to RCFC 12(b)(1) and 12(b)(6) are GRANTED.

This case is hereby STAYED pending the final disposition of *United States v. 82.532 Acres of Land, More or Less, Situated in Salt Lake County, State of Utah, et al.* (Civil No. 2:02 CV 1425 DB), currently on appeal to the Tenth Circuit.

The Parties are ORDERED to file a joint status report on or before February 1, 2006, and every 90 days thereafter, reporting on the status of the Tenth Circuit case. The Parties are further ORDERED to file a joint status report within fourteen days of the final disposition of the Tenth Circuit case.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge